LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| FRANCISCO HUERTERO, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>RCD RESTORATIONS, INC., and JOSEPH CAGGIANO,<br><br>Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff FRANCISCO HUERTERO ("Plaintiff HUERTERO" or "Plaintiff") on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants RCD RESTORATIONS, INC. ("Corporate Defendant"), and JOSEPH CAGGIANO (collectively, "Individual Defendant"; and, together with Corporate Defendant, "Defendants"), and states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages, including overtime, due to time shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages, including overtime, due to time shaving, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff HUERTERO is a resident of New York County, New York.

6.      Corporate Defendant RCD RESTORATIONS, INC. is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 2572 Bronxwood Avenue, Suite 202, Bronx, NY 10469.

7.      Individual Defendant JOSEPH CAGGIANO is the CEO, owner, and principal of Corporate Defendant. Defendant JOSEPH CAGGIANO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. JOSEPH CAGGIANO exercises the power to (and also delegates to managers and supervisors the power

to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to JOSEPH CAGGIANO directly regarding any of the terms of their employment, and JOSEPH CAGGIANO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

8. At all relevant times, Defendants have owned and operated Corporate Defendant as a construction company. Attached hereto as **Exhibit A (RCD RESTORATIONS INC. LinkedIn Webpage)** is a screenshot of Corporate Defendant's LinkedIn webpage reflecting the same.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, (including but not limited to construction workers, scaffold workers, flag people, foremen, demolishers, laborers, carpenters, painters, and electricians) employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules of failing to pay proper wages, including overtime compensation for all hours worked due to Defendants' policy of time shaving. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees, (including but not limited to construction workers, scaffold workers, flag people, foremen, demolishers, laborers, carpenters, painters, and electricians) employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

16. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, including (i) failing to pay overtime, (ii) failing to pay proper wages, including overtime, due to time shaving, (iii) failing to provide wage statements in compliance with NYLL, and (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to NYLL.

18. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

d) Whether Defendants properly notified Plaintiff and the Class Members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiff and Class Members the proper wages for all hours worked;

f) Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

h) Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class Members, and whether those wage statements properly stated Plaintiffs' overtime compensation in accordance with NYLL.

## STATEMENT OF FACTS

23.     In or around May 2019, Plaintiff HUERTERO was hired by Defendants to work as a construction and scaffold worker at a construction site located at 1 Fordham Plaza, Bronx, NY 10458 (the "Construction Site"). Plaintiff HUERTERO was out of the job from in or around

September 2019 to in or around November 2020. Plaintiff HUERTERO's employment with Defendants was terminated in or around July 2021.

24. Throughout his employment with Defendants, Plaintiff HUERTERO was scheduled to work five (5) days a week, for approximately forty-five (45) hours per week.

25. From the start of his employment to in or around January 2020, Plaintiff was paid at a rate of fifteen dollars ($15) per hour. From in or around January 2020 until in or around May 2021, Plaintiff was paid at a rate of seventeen dollars ($17) per hour. From in or around May 2021 until the end of his employment, Plaintiff was paid at a rate of twenty dollars ($20) per hour. Plaintiff was paid in cash on a weekly basis.

26. At all relevant times, Plaintiff HUERTERO did not receive any overtime compensation, despite working over forty (40) hours. FLSA Collective Plaintiffs and Class Members similarly did not receive any overtime compensation.

27. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were not properly compensated for all hours worked, due to Defendant's policy of time shaving. Defendants did not compensate Plaintiff for off-the-clock work performed. Two (2) to three (3) times a week Plaintiff HUERTERO would stay fifteen (15) to thirty (30) minutes past his shift to continue working. FLSA Collective Plaintiffs and Class Member were similarly required to stay past their scheduled shifts to perform off-the-clock work and were not compensated for this work.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members their lawful wages.

29. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate for hours worked in excess of forty (40) hours in each workweek, including due to time shaving, to Plaintiff, FLSA Collective Plaintiffs and Class Members.

30. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

31. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this Class and Collective Action Complaint as if fully set forth herein.

34. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

36. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

37. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA

Collective Plaintiffs for all of their hours worked in excess of forty (40) hours per workweek, including due to time shaving.

38. Records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiff and FLSA Collective Plaintiffs for every hour they worked, including overtime hours.

40. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e,*, double) damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, unpaid wages, including overtime, due to time shaving, and an equal amount as liquidated damages.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Class and Collective Action Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

46. At all relevant times, Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their proper wages, including overtime compensation at the rate of not less than one- and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, including due to time shaving.

47. At all relevant times, Defendants engaged in a policy of time shaving and refused to compensate Plaintiff and Class Members for all of their hours that they actually worked each week.

48. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of NYLL.

49. Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage and hour notices as required under the NYLL.

50. Defendants knowingly and willfully failed to provide Plaintiff and Class Members with proper wage statements as required under NYLL.

51. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid overtime, unpaid wages, including overtime, due to time shaving, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime due under the FLSA and the NYLL;

d. An award of unpaid wages, including overtime, due to time shaving under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) hours per workweek, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for off-the-clock work, including overtime hours, pursuant to the NYLL;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representatives of FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to FRCP 23;

k.  Designation of Plaintiff as Representatives of the Class; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 12, 2021

Respectfully submitted,

By:   */s/ C.K. Lee*
          C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*
